PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:19-CR-56 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RYAN P. SHERIDAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |


**I.  Background**

Early February, a grand jury returned a sixty-count indictment charging Ryan Sheridan and Kortney Gherardi, along with several others, with conspiring to commit healthcare fraud and conspiring to distribute controlled substances.  ECF No. 1.  Sheridan, the lead defendant, is charged in each of the sixty counts.  Gherardi is charged in nine.  All counts are felony offenses.  Each defendant is entitled to independent legal counsel.

During its investigation and trial preparation, the Government became aware of information that caused concern.  That is, prior to the indictment but during the time the allegedly conspiracy existed, Sheridan and his business, Braking Point, appeared to have had some attorney-client interactions with Gherardi's retained counsel, his law firm, and at least one other attorney at the law firm.

(4:19-CR-56)

Against this backdrop, the United States filed a Notice of Potential Conflict, ECF No. 41, asking the Court to inquire and determine whether Gherardi's retained counsel's prior relationship with Ryan Sheridan and his business amounted to an actual conflict of interest or a serious potential for conflict of interest for either or both Defendants.

The Court held a Pretrial Hearing and made inquiry of Gherardi and Sheridan while both were under oath.  The Court also heard from Gherardi's retained counsel.  The Court's ruling is explained below.

## II.  Discussion

"When a criminal defendant seeks to be represented by retained counsel and that representation may result in a conflict of interest, the district court must balance two Sixth Amendment rights: (1) the qualified right to be represented by counsel of one's choice, and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1352 (6th Cir. 1993) (quoting *Wheat v. United States*, 486 U.S. 153, 157 (1988)).

Though the right to conflict-free representation is waivable, a court may decline a proffer of waiver upon a showing of an actual conflict of interest or serious potential for conflict of interest. *Wheat*, 486 U.S. at 163; *see also United States v. Farmer*, No. 1:14-CR-362, 2015 WL 196027, at *5 (N.D. Ohio Jan. 14, 2015) (citing cases).  This is because the courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Serra*, 4 F.3d at

2

(4:19-CR-56)

1353.  The district court is "allowed substantial latitude in refusing waivers of conflicts of interest," even in "common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  *Id.*

## A.

At the Pretrial Hearing, Gherardi's retained counsel informed the Court that an attorney for Sheridan had contacted retained counsel to invite him to answer a business-related question for Sheridan.[1]  After an in-person meeting with Sheridan and his (then) attorney in 2017, Gherardi's retained counsel referred the business-related question to another attorney in his office.  The email (uncovered by the Government) was that attorney's response to the business-related question, and was written to Sheridan and his then counsel.  Gherardi's retained counsel was copied on the email.  The content regards matters directly related to the indictment.

Defendants Gherardi and Sheridan both executed written waivers of their right to conflict-free representation.

## B.

A conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person[.]"  *Model Rules of Prof'l Conduct* r. 1.7(a)(2).  Gherardi's retained counsel had a prior attorney-client relationship, albeit limited, with Sheridan, the lead defendant

---

[1]  Retained counsel's candor was not only expected but appreciated and informative.

(4:19-CR-56)

in the indictment, and his business.  Both Sheridan and his business are implicated in the indictment.  That representation (1) was related to matters (now) in the indictment, (2) included a 2017 in-person meeting with Sheridan, and (3) resulted in an email that directly relates to matters under indictment.[2]

The Court finds, as discussed on the record, that retained counsel's past representation of Sheridan and his business creates a serious potential for conflict of interest for both Defendants Gherardi and Sheridan.  While, at this early stage, it is not clear whether the positions of Gherardi or Sheridan will be antagonistic, both are, nevertheless, entitled to counsel whose independence cannot reasonably be questioned.  *See*, *e.g.*, *United States v. Straughter*, 950 F.2d 1223, 1233 (6th Cir. 1991) (the district court, in cautioning the defendant of potential conflicts of interest, informed the defendant that counsel might not take actions that were in her best interest because they were detrimental to a co-defendant).

### III.  Conclusion

The Court finds that there is a serious potential for conflict of interests that threatens the finality of any resolutions reached with the current compilation of counsel.  Accordingly, the Court declines to accept the tendered waivers of conflict-free representation.  Defendant Gherardi's retained counsel is removed.  Counsel will be appointed to represent Gherardi.  The

---

[2]  During the hearing, the Court was informed that Sheridan may have provided funds initially used by Gherardi and others to retain counsel, but that each Defendant was now responsible for his or her own legal fees and expenses.  That information was considered and not determinative of the conclusions reached herein.

4

(4:19-CR-56)

lengthy continuance granted should mitigate any ill affects of having new counsel join the

ongoing prosecution.


      IT IS SO ORDERED.


  March 28, 2019                        */s/ Benita Y. Pearson*        
Date                                       Benita Y. Pearson
                                             United States District Judge

5