IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 4:19-CR-00056-001 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| RYAN P. SHERIDAN | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

NOW COMES the Defendant, Ryan P. Sheridan, by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

                Respectfully submitted,

                s/Damian A. Billak
                **DAMIAN A. BILLAK (#0065274)**
                *ATTORNEY FOR DEFENDANT*
                Creekside Professional Centre
                Bldg. F, Suite 100
                6715 Tippecanoe Road
                Canfield, OH 44406
                Phone: 330-702-2000
                Fax: 330-702-2970
                E-mail: dbillak@billaklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on January 16, 2020, a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*

**MEMORANDUM**

Ryan Sheridan is 39 years old and married. He is the provider for two minor children and two step-children from a previous marriage to co-defendant Jennifer Sheridan and two step-children with his present wife. He also has an adult child from a previous relationship. Mr. Sheridan has provided financial and other support to relatives for several years prior to his current incarceration which commenced on March 2, 2019.

Mr. Sheridian is one of four siblings. He was raised by his parents in an environment with little to no parental guidance. Due to abuse and neglect, Mr. Sheridan left home and school at the age of 15 to reside with friends and relatives. The emotional scars led him down the path to substance abuse and by 2001, he entered a short-term treatment program. Thereafter, Mr. Sheridan chose to live a positive life, and eventually began the "Braking Point" treatment business, but continued to deal with and struggle with addiction.

Braking Point provided a progressive rehabilitation environment for those suffering from substance abuse and addition with a focus on individuals addicted to opiates.

In addition to Mr. Sheridan's continuing battle with substance abuse, he suffers from bi-polar disorder, general depression, and anxiety. Mr. Sheridan has never been properly treated for his mental health issues and hid his recent relapse from others. He desires to be free from addiction and be a productive member of society and provide support for his children and step-children. His wife, children, and step-children continue to support him during these proceedings.

Mr. Sheridan accepted responsibility for his actions by entering a guilty plea to the Indictment. At the time of the offense, Mr. Sheridan was in and out of the grips of addiction which further clouded his judgment and, while not an excuse, contributed greatly to his unlawful

3

conduct. When paired with his mental health issues, Mr. Sheridan spiralled downward until his arrest for violating the conditions of pretrial release set by this Honorable Court.

Mr. Sheridan has and will continue to do all he can to rectify and remedy his actions and unlawful activity. Mr. Sheridan agrees to make restitution in the amount as will be ordered at the time of sentencing.

Additionally, as to restitution, Mr. Sheridan has agreed to substantial forfeiture of money and real and personal property in an effort to demonstrate his sincere remorse for his actions and intends to continue to remedy his wrongdoing as best as possible in regards to his financial responsibilities.

As to the advisory guidelines, based upon the Pre-Sentence Report, Mr. Sheridan's Base Offense Level is 6, but primarily upon loss calculations, there is an overall 27 level increase. The Plea Agreement anticipates a three-level reduction for acceptance of responsibility, for a Total Offense Level of 30.

The PSR indicates that Mr. Sheridan has a Criminal History Category I. At a Criminal History Category I, Offense Level 30, the advisory guideline range is 97 to 121 months imprisonment, prior to any other adjustments as an advisory guideline sentence. This Honorable Court should consider a sentence below that advisory range.

The circumstances under which the offense occurred will never reoccur. Mr. Sheridan recognizes the seriousness of the offense and is deeply embarrassed by his own actions and the impact his actions have had on his family and his reputation in the business community, and all those individuals and entities that have been harmed. There is no chance that Mr. Sheridan will reoffend. He desires to lead a law-abiding, productive life.

Mr. Sheridan failed to properly train and educate himself and staff at Braking Point. It was never Mr. Sheridan's initial intention to commit the offense for the purpose of self-gain. Rather, his emotional wounds and substance abuse overshadowed his use of sound judgment. This was the first time in his life that anything like this has occurred, both his success and downfall. It is also the last.

Mr. Sheridan is prepared to make every effort possible to make full restitution and has shown a commitment to this issue by agreeing to extensive forfeitures.

Mr. Sheridan has been a loving, supportive, and hard-working husband, father, and step-father. The most difficult aspect of these proceedings has been the realization of the harm Mr. Sheridan has caused those closest to him.

This Honorable Court is free to exercise the substantial discretion afforded to it to fashion an appropriate sentence less than the advisory guideline range.

While it may be necessary to incarcerate Mr. Sheridan to promote respect for the law and to provide just punishment, that sentence of incarceration must reflect many factors. Mr. Sheridan has demonstrated his acknowledgement and remorse for his actions. Mr. Sheridan has supported and assisted others throughout his life. His many philanthropic endeavors are also a part of how Mr. Sheridan has given back to his community.

Additionally, a prison sentence approaching ten years is not necessary to reflect the seriousness of the offense, promote respect for the law, or to provide a just punishment. In the instant case, these goals would be satisfied with a sentence below the advisory guideline range with conditions satisfied by returning to the community sooner rather than later.

Mr. Sheridan attended Austintown Fitch High School through the 9th grade. He earned his GED in 1999 at the Mahoning County Career and Technical Center in Canfield, Ohio. Mr.

Sheridan began his own business in 2009. He will benefit from further and continued substance abuse programs or care that may be obtained during and after incarceration as well as re-training for employment purposes.

Mr. Sheridan is, again, requesting a sentence below the applicable advisory guideline range. It is respectfully requested that this Honorable Court consider the Policy Statements below and 3553 factors in determining an appropriate sentence.

U.S.S.G. § 5H1.5 states in pertinent part, "Employment record may be relevant in determining the conditions of probation or supervised release." Mr. Sheridan has been gainfully employed for most of his adult life, and was once a respected businessman in the community. Mr. Sheridan's actions have stripped him of that respect and ability to currently support his family.

U.S.S.G. § 5H1.6 also permits the Court to consider Mr. Sheridan's family ties and responsibilities and current ability to support his family when considering an appropriate sentence within the applicable guideline range. As stated earlier, Mr. Sheridan and his wife, children and step-children, are a strong and supportive family. Mrs. Sheridan has stood with Mr. Sheridan through these devastating times and the two will continue to be a loving family. Mr. Sheridan recognizes that his redemption and rehabilitation begins with his wife and family.

Mr. Sheridan is deeply remorseful, ashamed, and embarrassed by his conduct. He poses no further risk of future offense with proper supervision. He is being significantly punished by having plead guilty and the trauma it has caused his family and the damage to his business and character reputation in the community, as well as his pre-sentence incarceration. Mr. Sheridan understands that further incarceration is forthcoming.

For the foregoing reasons, counsel prays this Court to consider imposing a sentence to not simply punish but also rehabilitate Mr. Sheridan and to allow him to continue on his long path of rehabilitation.

          Respectfully submitted,

          s/Damian A. Billak
          **DAMIAN A. BILLAK (#0065274)**
          *ATTORNEY FOR DEFENDANT*
          Creekside Professional Centre
          Bldg. F, Suite 100
          6715 Tippecanoe Road
          Canfield, OH 44406
          Phone: 330-702-2000
          Fax: 330-702-2970
          E-mail: dbillak@billaklaw.com