PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN P. SHERIDAN, | ) | |
| | ) | CASE NO. 4:21CV0173 |
| Petitioner, | ) | (4:19CR056-1) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 276 and 283] |

Pending is *Pro Se* Petitioner Ryan P. Sheridan's Motion Requesting *in Forma Pauperis*
Status, Discovery, and a Discovery Attorney (ECF No. 276) to assist him in preparing a
memorandum in support of his motion under 28 U.S.C. § 2255.  The Court has been advised,
having reviewed the record, the parties' briefs, and the applicable law.  For the reasons set forth
below, the motion is denied.

## I.  Background

Petitioner was indicted in the above-entitled multi-defendant case.  He pled guilty,
without a written plea agreement, to Counts 1 (Conspiracy to Commit Health Care Fraud), 2-8
(Health Care Fraud), 9 (Conspiracy to Distribute Controlled Substances), 10-31 (Use of
Registration Number Issued to Another to Obtain a Controlled Substance), 32 (Operating a Drug
Premises), and 33-60 (Money Laundering) as charged in the Indictment (ECF No. 1).  *See*
Transcript of Change of Plea Proceedings (ECF No. 126); Joint Statement of the Facts (ECF No.
119).  In January 2020, the Court sentenced Petitioner to a term of 90 months as to each of
Counts 1-9 and 32-60 of the Indictment and for a term of 48 months as to each of Counts 10-31

(4:21CV0173)

of the Indictment (ECF No. 1), all such terms to be served concurrently.  Upon release, Petitioner

shall serve a 3-year term of supervised release as to each of Counts 1-60 of the Indictment (ECF

No. 1), all such terms to be served concurrently.  He was also ordered to pay restitution to the

Ohio Department of Medicaid in the total amount of $24,479,939, of which $15,957,148 is due

jointly and severally with co-Defendant Jennifer L. Sheridan (4:19CR056-2) and $2,413,838.42

is due jointly and severally with co-Defendant Kortney L. Gherardi (4:19CR056-3).  *See*

Judgment in a Criminal Case (ECF No. 183); Transcript of Sentencing Proceedings (ECF No.

225).  Multiple cars, homes, U.S. Currency, and bank accounts were also forfeited to the

Government as a consequence of Petitioner's massive healthcare fraud scheme.  *See* Agreement –

Re: Forfeiture (ECF No. 118); First Final Order of Forfeiture (ECF No. 143); Addendum to First

Final Order of Forfeiture (ECF No. 159); Agreement and Order (ECF No. 194); Second Final

Order of forfeiture (ECF No. 202); Third Final Order of forfeiture (ECF No. 216).

Petitioner appealed his judgment of conviction and sentence.  In June 2020, the Court of

Appeals for the Sixth Circuit granted Petitioner's Motion for Voluntary Dismissal of His Appeal

pursuant to Fed. R. App. P. 42(b) that had been filed by appointed CJA counsel.[1]  *United States*

*v. Sheridan*, No. 20-3113 (6th Cir. June 25, 2020) (ECF No. 239).

In January 2021, Petitioner filed a *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence (ECF No. 263) and Motion for Extension [of Time] to File

Supporting Memorandum (ECF No. 264).  In his petition under § 2255, Petitioner sets forth a

---

[1] "That attorney instructed Petitioner that his open plea was his opportunity to raise the issues he had with the case but because his defense attorney raised no issues, there was little cause for a direct appeal.  He then advised that Petitioner might find some relief in a 2255 habeas corpus motion."  ECF No. 276 at PageID #: 2922.

(4:21CV0173)

single ground for relief:  ineffective assistance of trial counsel in violation of his Sixth

Amendment right based on –

> • There were numerous objections counsel agreed to argue in court and then ignored them at sentencing.
> • As well as conflict(s) of interest.  As well as intimidation when I requested he withdraw.
> • [It's] difficult to tell what else happened as attorney won't provide case file.
> • There also appears to be [commingling] of funds as well as unearned income.

ECF No. 263 at PageID #: 2867.  The Court granted Petitioner's request for an extension of six

months, and ordered that Petitioner serve and file a memorandum in support of ECF No. 263 on

or before July 22, 2021.  His retained trial counsel, Damian A. Billak, was also ordered to

promptly deliver to Petitioner all client papers and property to which Petitioner is entitled.  *See*

Order (ECF No. 266).  Attorney Billak promptly served and filed a Notice of Compliance with

ECF No. 266, after he delivered the client papers and property to Petitioner.  *See* ECF No. 267.

Petitioner's Motion for Sentencing Transcript Without Payment of Costs (ECF No. 274)

was denied.  *See* Non-document Order dated March 24, 2021.  In *United States v. Alcorn*, 10

Fed.Appx. 248 (6th Cir. 2001), the Sixth Circuit affirmed the denial of petitioner's motion for

transcripts because a petitioner "simply does not have a right to a transcript at government

expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a

[§ 2255] motion to vacate. . . ." *Id.*[2]  Rather than timely serve and file a memorandum in support

---

[2]  The Court notes that Petitioner quotes extensively from ECF No. 225 in his memoranda regarding ECF No. 276.  So, he must have obtained the Transcript of Sentencing Proceedings through the ordinary mechanisms available to the public.

(4:21CV0173)

of ECF No. 263 in compliance with the prior Order (ECF No. 266), Petitioner has filed ECF No. 276 and Motions (1) Requesting Default of Government's Response or, in the Alternative, Time to File a Reply in Support of ECF No. 276 and (2) for Extension of Time to File a Memorandum in Support of ECF No. 263 (ECF No. 283).

## II.  Discussion

### A.  ECF No. 283

Petitioner requests the Court not consider the Government's Response (ECF No. 282)[3] or, in the alternative, grant him an extension of time to file a reply in support of ECF No. 276.  The Court grants the alternative motion.  Therefore, it has considered Petitioner's Reply (ECF No. 284) in resolving ECF No. 276.

Petitioner's Motion for Extension of Time to File a Memorandum in Support of ECF No. 263 is granted.  Petitioner shall serve and file a memorandum in support of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 263) on or before August 23, 2022.

### B.  ECF No. 276

### 1.

Petitioner requests *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(1) in seeking assistance with discovery from court-appointed counsel.  That provision states:  "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees" to ensure indigent

---

[3]  The Court granted the Government's Motion for Leave to File ECF No. 282 one day late.  *See* Non-document Order dated July 13, 2021.

4

(4:21CV0173)

petitioners access to the courts if they demonstrate via affidavit an inability to pay court fees. There is no fee required to file a § 2255 habeas petition. *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997) ("[T]he fee requirements of the Prison Litigation Reform Act do not apply to cases or appeals brought under § 2254 or § 2255."). Thus, Sheridan's ability to proceed *in forma pauperis* is relevant only as a precondition to his request for court-appointed counsel. Section 1915 enables the Court to request an attorney to represent any person unable to afford counsel. 28 U.S.C § 1915(e)(1).

While Petitioner has submitted his Inmate Statement (ECF No. 276-1) and the necessary supporting affidavit (ECF No. 276-2), he fails to establish a valid and good faith cause for *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2). Sheridan cites to the Court's statements at sentencing regarding his right to counsel on direct appeal to the Sixth Circuit as a reason to support why he financially requires court appointed counsel in his habeas proceeding. *See* ECF No. 276 at PageID #: 2922. The Court's commitment to provide Petitioner counsel if he wanted different representation from his retained trial counsel, however, was applicable only in the context of a direct appeal. *See* ECF No. 225 at PageID #: 2228-29. When the direct appeal of the original judgment of conviction is completed, the right to counsel also ends. *See Dockery v. Washburn*, No. 2:18-cv-02374-TLP-tmp, 2021 WL 4188058, at *16 (W.D. Tenn. Sept. 14, 2021). Moreover, the Court prefaced statements about providing counsel to Petitioner with a brief description of his appellate rights on direct appeal and that he had 14 days from the date of entry of his sentence within which to appeal his conviction and sentence.

5

(4:21CV0173)

**2.**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery in § 2255 habeas proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which permits discovery only with leave of court after a showing of good cause. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (A district court may allow discovery in collateral proceedings if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.") (quoting *Bracy*, 520 U.S. at 908-909); *see also United States v. Atkin*, 80 F. Supp.2d 779, 785 (N.D. Ohio Jan. 7, 2000) (citing *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991)). Generalized or conclusory statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite good cause. *Williams*, 380 F.3d at 974. The "district court does not abuse its discretion in denying a habeas petitioner's request for discovery, when the request falls more in the category of a 'fishing expedition masquerading as discovery.' " *Burns v. Lafler*, 328 F. Supp.2d 711, 718 (E.D. Mich. 2004) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)); *see also United States v. Gabor*, No. 1:10CR0387, 2016 WL 199041, at *3 (N.D. Ohio Jan. 18, 2016) ("Defendant has not shown good cause for the discovery he seeks, and the nature of his proposed discovery requests highlights the fact that he is attempting to undertake a fishing expedition in the hopes of uncovering some unknown evidence to support his § 2255 claims"). If the requested discovery is merely cumulative or otherwise immaterial, the court will also not err in denying the petitioner's request for discovery. *Williams*, 380 F.3d at 976-77. It is to be noted that Petitioner's former

6

(4:21CV0173)

defense counsel has already surrendered his entire case file to Petitioner, including all Government Discovery CD/DVD/Thumb drives in his possession.  *See* ECF No. 267.[4]

       Petitioner claims that discovery will allow him to support his claim that his trial counsel was prejudicially ineffective.  Allowing new discovery is inappropriate when "[t]he discovery sought by [the habeas petitioner] would not resolve any factual disputes that could entitle him to relief, even if the facts were found in his favor."  *Stanford*, 266 F.3d at 460.  Sheridan states in the first reason in support of his discovery request that "[i]n the case file rendered by defense counsel, Petitioner found a Plea Agreement [ECF No. 276-4] that drops Count 32, Maintaining Drug-Involved Premises (18 USC 856), that carries a statutory 20 year maximum sentence.  He had never seen this plea agreement before."  ECF No. 276 at PageID #: 2923.  Petitioner, however, did not raise any issues when the Court stated during the change of plea hearing that the undersigned was "looking at a copy of something that was worked towards as a written plea agreement, but ultimately is not."  ECF No. 126 at PageID #: 990.  That proposed written plea agreement also drops Count 32.  *See* ECF No. 126 at PageID #: 992 ("I just wanted to clarify, because it wasn't in the chart of the proposed plea agreement, that we're not using, but I don't believe the Court had asked Mr. Sheridan about Count 32, which was the drug premises.").  Moreover, the Court ultimately issued a sentence within the guideline imprisonment range,

---

    [4]  Petitioner declares "the DVDs are encryption locked and the thumb drives are prohibited" by FCI Ashland, the Bureau of Prisons facility that confined him.  *See* ECF No. 276 at PageID #: 2923; *see also* ECF No. 284 at PageID #: 3023; 3024; 3027. Although, he did apparently have them mailed to an attorney.  *See* TRULINCS Prisoner Email dated April 4, 2021 (ECF No. 276-3).

(4:21CV0173)

which, when rendered, was just 90 months compared to the 20-year statutory maximum sentence Petitioner could have received.

Sheridan's motion requesting discovery fails to demonstrate that additional discovery will allow him to develop facts that would entitle him to relief on the lone ground set forth in his petition under § 2255.  *See* ECF No. 263 at PageID #: 2867.  *See Stanford*, 266 F.3d at 460 (" 'bald assertions and conclusory allegations do not provide sufficient ground to warrant' " a habeas petitioner's request for discovery) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)).  Petitioner's motion requesting discovery is also filled with conclusory statements lacking factual validity like "fraud did not happen here" and "[t]here wasn't a bit of mens rea or consciousness of guilt in this case."  ECF No. 276 at PageID #: 2927; 2931.  Both conclusory allegations are contrary to all 60 of the counts to which Petitioner had been charged and has pled guilty.  *See* ECF No. 126 at PageID #: 1033-35.  Accordingly, the Court finds that Petitioner fails to establish the requisite "good cause" necessary for the Court to grant a discovery request pursuant to Rule 6(a).  *See Whitman v. Gray*, No. 5:19CV1818, 2020 WL 95188 (N.D. Ohio Jan. 8, 2020) (denying motion for discovery and request for appointment of counsel to conduct discovery in 28 U.S.C. § 2254 case claiming ineffective assistance of counsel).

**3.**

The "core request" of the within motion asks the Court to provide Petitioner a discovery attorney "to cull and examine the volume of data in the Discovery."  ECF No. 276 at PageID #: 2929; 2922; ECF No. 284 at PageID #: 3029.  Sheridan argues that the intermittent combination of COVID-19 prison lockdowns and the inaccessible and dense discovery files sent to him require legal assistance.  *See* ECF No. 276 at PageID #: 2929.

(4:21CV0173)

There is no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) ("there is no constitutional right to counsel in habeas proceedings.") (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).  Instead, the Criminal Justice Act provides that the Court may appoint counsel to represent a criminal defendant in a subsequent § 2255 proceeding if the Court determines that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").  In determining whether the interests of justice so require, "some of the factors the Court 'consider[s] when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case.' " *Rosenquist v. United States*, No. 16-20470, 2022 WL 71780, at *4 (E.D. Mich. Jan. 6, 2022) (quoting *Sellers v. United States*, 316 F. Supp.2d 516, 522 (E.D. Mich. 2004) (citations omitted)).  There is a limited statutory right to appointed counsel in a § 2255 proceeding when either the court has determined that appointment of counsel is "necessary for effective discovery" when leave of court has been granted to conduct discovery or the court has determined that an evidentiary hearing is required.  *See* Rule 6(a) of the Rules Governing § 2255 Proceedings ("If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); Rule 8(c) of the Rules Governing § 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

9

(4:21CV0173)

Petitioner has shown himself, through his research and writing, to be capable of pursuing his claims in the case at bar.  Therefore, the Court determines that the interests of justice do not require the appointment of counsel in this unexceptional case.  *See Jefferson v. Ohio*, No. 3:18CV0779, 2019 WL 9359722, at *2 (N.D. Ohio May 15, 2019) (finding petitioner had "failed to show that exceptional circumstances exist warranting the appointment of counsel" in habeas proceeding filed pursuant to § 2254).  Sheridan's request for court-appointed counsel to help him review discovery in preparation for the filing of his memorandum in support of his § 2255 motion is denied.  *See United States v. Bolek*, No. 1:12CR0390, 2019 WL 4877500, at *1 (N.D. Ohio Oct. 3, 2019) ("Here, the interests of justice do not require counsel be appointed to Bolek [because he] has shown a good understanding of the issue and the ability to forcefully and coherently present his contentions by adequately raising his argument in his Motion for Appointment of Counsel"); *Camcho v. United States*, No. 4:07CR 0603, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010) (denying appointment of counsel because petitioner's "framing of the reasons he seeks to eventually pursue a § 2255 motion was sufficiently clear, coherently organized and well presented").

### III.  Conclusion

Accordingly, Petitioner Ryan P. Sheridan's Motion Requesting *in Forma Pauperis* Status, Discovery, and a Discovery Attorney (ECF No. 276) is denied.

Petitioner's Motions (1) Requesting Default of Government's Response or, in the Alternative, Time to File a Reply in Support of ECF No. 276 and (2) for Extension of Time to File a Memorandum in Support of ECF No. 263 (ECF No. 283) are granted in part and denied in part for the reasons set forth in Section II.A.

10

(4:21CV0173)

Petitioner shall serve and file a memorandum in support of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 263) on or before August 23, 2022.

The United States Attorney shall respond to the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 263) within forty-five (45) days after service of Petitioner's memorandum in support.

Petitioner shall serve and file a reply, if any, within twenty-one (21) days after service of Respondent's answer or other pleading.

All printed matter (including footnotes) must appear in at least 12 point type on pages not exceeding 8 ½ by 11 inches and type matter not exceeding 6 ½ by 9 ½ inches.  Lines of typewritten text shall be double-spaced.


        IT IS SO ORDERED.


  June 24, 2022                              /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge

11